MACHINISTS DISTRICT LODGE NO. 190, LOCAL LODGE 1584, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO, Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**Ltd Ceramics, Inc. Respondent–Intervenor.**

**No. 04–73754.**

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Filed June 13, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

David A. Rosenfeld, Esq., Weinberg Roger & Rosenfeld, Oakland, CA, for Petitioner.

Regional Director, NLRB—National Labor Relations Board, Oakland, CA, Aileen A. Armstrong, Esq., Richard A. Cohen, David Habenstreit, National Labor Relations Board, Office of the General Counsel, Washington, DC, for Respondent.

Charles E. Voltz, Esq., Burlingame, CA, for Respondent–Intervenor.

Before: RYMER and WARDLAW, Circuit Judges, and SELNA,** District Judge.

MEMORANDUM ***

Machinists District Lodge Number 190, Local Lodge 1584, International Association of Machinists and Aerospace Workers, AFL–CIO ("Union") petitions this court to review the decision of the National Labor Relations Board ("Board") dismissing cer-

tain portions of the Union's complaint. 341 NLRB No. 14, 2004 WL 210366. The petition is denied and the Board's decision is affirmed.

We will uphold a Board decision if substantial evidence supports its findings of fact and if the Board applies the law correctly. *Sever v. NLRB*, 231 F.3d 1156, 1164 (9th Cir.2000). We must enforce the Board's decision if a reasonable fact-finder could reach the same conclusions. *Allentown Mack Sales & Serv., Inc. v. NLRB*, 522 U.S. 359, 364, 366–67, 377, 118 S.Ct. 818, 139 L.Ed.2d 797 (1998).

Furthermore, the Board has "primary responsibility for developing and applying national labor policy." *NLRB v. Curtin Matheson Scientific, Inc.*, 494 U.S. 775, 786, 110 S.Ct. 1542, 108 L.Ed.2d 801 (1990). We must therefore defer to the rules imposed by the Board if: (1) they are "'rational and consistent with the [National Labor Relations] Act,'" *Allentown Mack*, 522 U.S. at 364, 118 S.Ct. 818 (quoting *Fall River Dyeing & Finishing Corp. v. NLRB*, 482 U.S. 27, 42, 107 S.Ct. 2225, 96 L.Ed.2d 22 (1987)); and (2) the Board's "'explication is not inadequate, irrational or arbitrary.'" *Id.* at 364, 118 S.Ct. 818 (quoting *NLRB v. Erie Resistor Corp.*, 373 U.S. 221, 236, 83 S.Ct. 1139, 10 L.Ed.2d 308 (1963)).

The Union first contends that by withdrawing recognition based on an employee petition submitted after the certification year but containing signatures a majority of which were collected on the final day of the certification year, the employer, LTD Ceramics, Inc. ("LTD"), violated Section 8(a)(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C.

---

** The Honorable James V. Selna, United States District Judge for the Central District of California, *sitting by designation*.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

§ 158(a)(5). The Board has long held that an incumbent union is entitled to an irrebuttable presumption of majority status for a year following certification. *See Centr–O–Cast & Eng'g Co.,* 100 NLRB 1507, 1508, 1952 WL 10294 (1952). After the certification year, the Board prohibits an employer from withdrawing recognition "based on evidence received within the certification year." *Chelsea Indus., Inc.,* 331 NLRB 1648, 1651, 2000 WL 1341469 (2000), *enforced,* 285 F.3d 1073 (D.C.Cir. 2002).

■ Here, the Board was unwilling to find LTD's withdrawal of recognition improper because withdrawal was based on a petition LTD received after the certification year expired, although some of the signatures obtained were in fact obtained during the final hours of the certification year. We find this interpretation and application of the one-year certification rule rational and consistent with the NLRA and the Board's reasoning adequate and not arbitrary. *See Allentown Mack,* 522 U.S. at 364, 118 S.Ct. 818. Because the Union has not shown that the factual distinction drawn by the NLRB was an unreasonable interpretation of that agency's own rule, we need not reach the Union's challenge to the Administrative Law Judge's alternative finding that the alleged violation was de minimis.

■ Next, the Union argues that the petition was tainted because it was circulated only two weeks after LTD made a unilateral change to its attendance policy. After the certification year has expired, an employer may rebut the presumption of majority support if it can show either that the union no longer has majority support, or if the employer has a reasonably based doubt as to the union's continued majority support. *See Celanese Corp. of Am.,* 95 NLRB 664, 672, 1951 WL 9626 (1951) (articulating rule applicable to this case),

*overruled in part by Levitz Furniture Co. of the Pac., Inc.,* 333 NLRB 717, 2001 WL 314139 (2001). Any doubt of majority support, however, must be raised in a context free of Unfair Labor Practices ("ULPs") of the "sort likely, under all the circumstances, to affect the union's status, cause employee disaffection, or improperly affect the bargaining relationship itself." *Lee Lumber & Bldg. Material Corp.,* 322 NLRB 175, 177, 1996 WL 523011 (1996) *aff'd in part,* 117 F.3d 1454 (D.C.Cir.1997); *see also Hotel, Motel & Rest. Employees & Bartenders Union Local 19 v. NLRB,* 785 F.2d 796, 799 (9th Cir.1986). In cases involving ULPs other than a general refusal to bargain and recognize, the union must demonstrate a causal relationship between the ULP and the loss of majority support. *Master Slack Corp.,* 271 NLRB 78, 84, 1984 WL 36573 (1984). In *Master Slack,* the Board provided four factors to determine whether a causal relationship exists:

> (1) [t]he length of time between the unfair labor practices and the withdrawal of recognition; (2) the nature of the illegal acts, including the possibility of their detrimental or lasting effects on employees; (3) any possible tendency to cause employee disaffection from the union; and (4) the effect of the unlawful conduct on employee morale, organizational activities, and membership in the union.

*Id.*

The Board found that the unilateral posting of the new attendance policy was not a general refusal to bargain and applied the *Master Slack* test to find no causal connection between the new attendance policy and the petition. Accordingly, the Board determined that the petition was not tainted and that LTD's reliance on it was proper. Substantial evidence supports the Board's findings.

Finally, the Union contends that the Board erred in not requiring a Board-certified election before LTD withdrew recognition. Though elections are preferred, *Underground Serv. Alert of S. Cal.,* 315 NLRB 958, 960, 1994 WL 708132 (1994), the Board has long permitted employer withdrawal on other bases. *Lee Lumber,* 322 NLRB at 177; *Master Slack,* 271 NLRB at 84; *see also Allentown Mack,* 522 U.S. at 365–66, 118 S.Ct. 818. Accordingly, the Board's decision not to require an election here was not an abuse of discretion. *See Sever,* 231 F.3d at 1165 (holding that a Board's chosen means for remedying a ULP is reviewed for abuse of discretion).

For the foregoing reasons, the petition for review is

**DENIED.**